UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cr-05082-TMC |
| Plaintiff, | ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| FELIS LUSIANO ROMO, | |
| Defendant. | |

Before the Court is Defendant Felis Lusiano Romo's motion for early termination of supervised release. Dkt. 3. The Court has considered Mr. Romo's motion, the response from the United States (Dkt. 5), the memorandum from Mr. Romo's probation officer (Dkt. 4), and the underlying record of Mr. Romo's supervision and criminal conviction. Because the relevant factors under 18 U.S.C. § 3583(e) support Mr. Romo's continued supervision, the Court DENIES the motion.

## I.    BACKGROUND

In 2014, a jury in the District of Montana convicted Mr. Romo of Conspiracy to Possess Methamphetamine with Intent to Distribute, Possession with Intent to Distribute Methamphetamine, and Felon in Possession of a Firearm. Dkt. 2-1 at 1. He was sentenced to 188 months in prison followed by five years of supervised release, although his prison term was later

ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE - 1

reduced to 162 months. *Id.* at 2–3; Dkt. 2-2 at 1. Mr. Romo was released from prison and began his term of supervised release in the Western District of Washington on June 28, 2024. Dkt. 4 at 1. He has completed about 19 months of his five-year term of supervised release.

The parties agree that Mr. Romo has performed well on supervision. The probation office explains that Mr. Romo obtained his commercial driver's license and has had steady employment for more than a year. Dkt. 4 at 2. He has had no violations, has maintained stable housing, engaged in prosocial activities, and has strong family support. *Id.* at 2–3. He has been approved on several occasions to travel outside the district and has adhered to expectations while traveling. *Id.* While the probation office commends Mr. Romo's excellent performance to date, however, it opposes his motion for early termination given his relatively short time in the community following a long term of incarceration and a lengthy criminal history. *Id.* at 3. The United States agrees with the probation office and opposes early termination. Dkt. 5.

## II.    DISCUSSION

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Section 3583(e) provides that, after considering a subset of the factors set forth in 18 U.S.C. § 3553(a), a court may end a term of supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819. The Section 3553(a) factors a court must consider when deciding whether to terminate a term of supervised release are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to deter criminal conduct, protect the public, and provide

ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE - 2

needed correctional treatment; the applicable guidelines and policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

The Court has considered the relevant Section 3553(a) factors as applied to Mr. Romo. In this case, the most significant factors are the history and characteristics of the defendant and the need for the sentence to deter criminal conduct, protect the public, and provide needed correctional treatment. As the United States and the probation office explain, while Mr. Romo's performance on supervision has been exemplary, he has been in the community for a relatively short time after spending many years in prison. That prison sentence followed a long criminal history. The Court is proud of Mr. Romo's accomplishments since his release from custody, and he should be too. But because reintegration into the community can be a long process, the probation office is correct that both Mr. Romo and the community will benefit from the continued oversight of his probation officer to ensure that his success continues. The Court encourages Mr. Romo to discuss the possibility of early termination with his probation officer again in the future if he continues to do well.

### III.   CONCLUSION

For these reasons, the Court DENIES Mr. Romo's motion for early termination of his supervised release (Dkt. 3). The Clerk is directed to send copies of this Order to all counsel of record and to the United States Probation Office.

Dated this 2nd day of February, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE - 3